UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH WARREN LINCOLN,

                Plaintiff,                06-CV-0185
                                        (SJF)(WDW)

          -against-                   **OPINION & ORDER**

NASSAU COUNTY POLICE DEPARTMENT,
U.S. MARSHALS, FEDERAL BUREAU OF PRISONS,
NASSAU COUNTY CORRECTIONAL CENTER,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

I. Introduction

Plaintiff Kenneth Warren Lincoln (plaintiff) commenced this action pursuant to 42 U.S.C. § 1983[1], and filed an application to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is granted and the complaint is dismissed sua sponte without prejudice.

II. Background

Plaintiff alleges that on September 21, 2005, he was arrested on a bench warrant issued for failure to appear in court based on a drug charge. (Complaint on annexed unpaginated page).

---

[1] 42 U.S.C. § 1983 applies only to state actors, not federal officials. See Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005). Accordingly, plaintiff's § 1983 claims against the U.S. Marshals and Federal Bureau of Prisons are dismissed with prejudice. See, e.g. Khan v. United States, 271 F.Supp.2d 409, 412 (E.D.N.Y. 2003)(dismissing the plaintiff's § 1983 claims against the federal defendants). However, I deem plaintiff's claims against the U.S. Marshals and Federal Bureau of Prisons to be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KENNETH WARREN LINCOLN,

                              Plaintiff,                    06-CV-0185
                                                        (SJF)(WDW)
         -against-

                                                               **OPINION & ORDER**

NASSAU COUNTY POLICE DEPARTMENT,
U.S. MARSHALS, FEDERAL BUREAU OF PRISONS,
NASSAU COUNTY CORRECTIONAL CENTER,

                              Defendants.
------------------------------------------------------------------X
FEUERSTEIN, J.


I.      Introduction

      Plaintiff Kenneth Warren Lincoln (plaintiff) commenced this action pursuant to 42 U.S.C. § 1983[1], and filed an application to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is granted and the complaint is dismissed sua sponte without prejudice.


II.     Background

      Plaintiff alleges that on September 21, 2005, he was arrested on a bench warrant issued for failure to appear in court based on a drug charge. (Complaint on annexed unpaginated page).

---

[1] 42 U.S.C. § 1983 applies only to state actors, not federal officials. See Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005). Accordingly, plaintiff's § 1983 claims against the U.S. Marshals and Federal Bureau of Prisons are dismissed with prejudice. See, e.g. Khan v. United States, 271 F.Supp.2d 409, 412 (E.D.N.Y. 2003)(dismissing the plaintiff's § 1983 claims against the federal defendants). However, I deem plaintiff's claims against the U.S. Marshals and Federal Bureau of Prisons to be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

According to plaintiff, just prior to his arrest he had "drunk a half a gallon of windshield wiper fluid with anti-freeze" because he was suffering from a nervous breakdown. Id. Plaintiff claims that he advised the arresting officers that he was ill, and that he was taken to Court "with vomit all over myself." Id. Plaintiff further alleges that he did not receive medical attention until the following day when his kidneys and liver failed. Plaintiff alleges that he was in a coma for a week and in the hospital for approximately three months. While at the hospital he had to "learn to walk, talk and everything else." Id.

Plaintiff seeks, *inter alia*, monetary damages in an undisclosed amount. (Compl., ¶ V).

III. Discussion

    A.    In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that his financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

    B.    Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 [1972]). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.

1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 [2d Cir. 1994]). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

C. § 1983 Claims

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

1. Personal Involvement

Although "a claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983), it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004)(internal quotations and citation omitted); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997). A

3

complaint based on a violation of section 1983 that does not allege the personal involvement of a defendant is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted). "Personal involvement" may be established by evidence of direct participation by the supervisor or official in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003).

Plaintiff does not name any individual employee, official or representative of the Nassau County Police Department or Nassau County Correctional Center (collectively, the County defendants) as a defendant in this action, and he does not identify any such individual in the body of his complaint. Accordingly, even liberally construed, plaintiff's complaint fails to set forth a valid § 1983 claim against the County defendants. See, e.g. Carbajal v. County of Nassau, 271 F.Supp.2d 415, 421 (E.D.N.Y. 2003)(dismissing the plaintiff's deliberate indifference claims against, *inter alia*, the Nassau County Police Department and Nassau County Correctional Center where the plaintiff failed to allege any personal involvement by any member of those entities).

2. Municipal Liability

A municipality or municipal entity cannot be held liable under § 1983 on a *respondeat superior* theory. See, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Linder v. City of New York, 263 F.Supp.2d

4

585, 591 (E.D.N.Y. 2003). However, a municipal entity may be liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] * * * [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." Monell, 436 U.S. at 690, 98 S.Ct. 2018.

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F.Supp. 8, 12 (S.D.N.Y. 1996); see also Davis v. Lynbrook Police Dept., 224 F.Supp.2d 463, 478 (E.D.N.Y. 2002).

Plaintiff has not alleged any practice or custom endorsed by the County defendants which violated his constitutional rights, and he has not shown any facts tending to support an inference that such a policy or custom existed. Accordingly, plaintiff has not established a valid Monell claim against the County defendants. See, e.g. Beasly v. Rosenblum, No. 05-CV-1381, 2005 WL 1984461, at * 1 (E.D.N.Y. Aug. 17, 2005)(holding that the plaintiff's claims against the Suffolk County Correctional Facility were deficient because, *inter alia*, there was no allegation of a municipal policy or custom of violating the plaintiff's constitutional rights); Brewster v. Nassau County, 349 F.Supp.2d 540, 548-549 (E.D.N.Y. 2004)(dismissing plaintiff's municipal liability

5

claims against, *inter alia*, Nassau County and the NCCF for failure to state a claim). Therefore, plaintiff's § 1983 claims are dismissed in their entirety.

### D. Bivens Claims

Bivens only authorizes suits for monetary damages against federal officials sued in their individual capacities and does not authorize suits against federal agencies or employees sued in their official capacities. See F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Therefore, plaintiff's Bivens claims against the U.S. Marshals and Federal Bureau of Prisons are dismissed with prejudice. See, e.g. Khan, 271 F.Supp.2d at 413 (dismissing the Bivens claims against the federal agencies and employees sued in their official capacity).

### E. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. Fed. R. Civ. P. 15(a). A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). Accordingly, plaintiff is granted leave to file an amended complaint asserting valid federal claims against the County defendants within thirty (30) days from the date of this order. Failure to file within this period of time will result in an order dismissing the plaintiff's complaint against those defendants with prejudice.

6

However, leave to amend should not be granted where it is futile, or where the amended complaint would not survive a motion to dismiss. See, Vicioso v. Pisa Bros., Inc., No. 98 Civ. 2027, 1998 WL 355415, at * 5 (S.D.N.Y. July 1, 1998); see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Since plaintiff cannot establish a valid Bivens claim against the U.S. Marshals or Federal Bureau of Prisons, his claims against those defendants are dismissed with prejudice.

IV. Conclusion

Based on the foregoing, it is hereby

ORDERED, that the Court sua sponte dismisses the complaint with prejudice as against the U.S. Marshals and Federal Bureau of Prisons and without prejudice as against the County defendants; and it is further

ORDERED, that plaintiff is granted leave to file an amended complaint against the County defendants in order to remedy the pleading deficiencies discussed herein, provided that he files it within thirty (30) days of the date of this order. If plaintiff fails to submit an amended complaint within thirty (30) days of the date of this order, the complaint shall be dismissed in its entirety with prejudice, and the case will be closed; and it is further

ORDERED, that plaintiff's request to proceed in forma pauperis is granted; and it is further

ORDERED, that the superintendent of the facility in which plaintiff is incarcerated forward to the clerk of the Court a certified copy of the prisoner's trust fund account for the six

months immediately preceding this order, in accordance with plaintiff's previously submitted authorization forms; and it is further

ORDERED, that the agency holding plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct the amount from his prison trust fund account, and disburse them to the clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED that the clerk of the Court shall mail a copy of this order, together with plaintiff's authorization, to the superintendent of the facility in which plaintiff is incarcerated and to plaintiff; and it is further

ORDERED that the clerk of the Court shall send a copy of this order to plaintiff by regular first class mail and by certified mail, return receipt requested.

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: March 13, 2006
Central Islip, New York

Copies to:
Kenneth Warren Lincoln
05008909
100 Carmen Ave
East Meadow, New York 11554